# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KRISTINA GIBEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>　　　　Defendant. | Case No.: 13-cv-461<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　This action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　Plaintiff Kristina Gibeau ("Gibeau") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.　Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her an alleged personal credit card debt, that was allegedly incurred for personal, family or household purposes.

5.　Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency with its principal offices at 8014 Bayberry Road, Jacksonville, Florida 32256.

6. ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ERC is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ERC is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about December 6, 2012, ERC mailed a debt collection letter to Gibeau regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, Exhibit A was the first letter Plaintiff was sent by ERC regarding this alleged debt.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

12. Text on Exhibit A identifies the "Creditor" of the account as "Comenity Bank" and the "Original Creditor" as "Fashion Bug."

13. However, Exhibit A also contains the following text:

> Alliance Data Systems has attempted to resolve your account. As a result of your failure to resolve your financial obligation with Alliance Data Systems, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts.

14. Exhibit A is false, misleading, contradictory and confusing to the unsophisticated consumer.

2

15. <u>Exhibit A</u> identifies "Comenity Bank" as the "creditor" in one place, but also identifies "Alliance Data Systems" as the creditor by specifically stating that the alleged debt is a "financial obligation with Alliance Data systems," in another place on the same letter.

16. ERC's misrepresentation and confusion of the current creditor's identity is a material misstatement. The unsophisticated consumer receiving <u>Exhibit A</u> would be unsure whether Comenity Bank or Alliance Data Systems was the actual creditor.

17. Through research, Plaintiff's counsel has determined that Comenity Bank appears to be owned by a subsidiary of Alliance Data Systems Corporation named Alliance Data Retail Services.

18. Upon information and belief, Plaintiff's counsel's research indicates that Plaintiff's alleged credit card account was likely owed to Comenity and never to Alliance Data Systems.

19. 15 U.S.C. § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

21. 15 U.S.C. § 1692g(a) requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— …
>
> (2) the name of the creditor to whom the debt is owed;

22. A debt collector who includes contradictory, misleading or confusing language in a § 1692g(a) verification (aka validation) notice violates the FDCPA. *See Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996).

3

## COUNT I—FDCPA

23. Plaintiff incorporates the above numbered paragraphs by reference.

24. This claim is brought on behalf of Gibeau and on behalf of all others similarly situated.

25. <u>Exhibit A</u> contains false, misleading and contradictory statements of who the actual creditor is.

26. The unsophisticated consumer would be confused as to whether the alleged debt was owed to Comenity Bank or to Alliance Data Systems. <u>Exhibit A</u>.

27. Further, the statements: "Alliance Data Systems has attempted to resolve your account. As a result of your failure to resolve your financial obligation with Alliance Data Systems, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts," are objectively false.

28. In fact, the alleged debts were never "with" Alliance Data Systems, and Alliance Data Systems never attempted to collect the alleged debt owed to Comenity.

29. The defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(2)(a), by making false, deceptive or misleading representations.

## COUNT II—FDCPA

30. Plaintiff incorporates the above numbered paragraphs by reference.

31. <u>Exhibit A</u> was the first letter that Defendant sent to Plaintiff regarding this alleged debt.

32. <u>Exhibit A</u> contains false, misleading and contradictory statements of who the actual creditor is.

33. The defendant has therefore violated 15 U.S.C. § 1692g(a)(2), by failing to state the name of the creditor in a non-confusing fashion.

4

## CLASS ALLEGATIONS

34. Gibeau brings this action on behalf of a Class, consisting of (a) all natural persons in the state of Wisconsin (b) who were sent a collection letter in the form of Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 26, 2012, (e) that was not returned by the postal service.

35. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the defendant complied with 15 U.S.C. §§ 1692e and 1692g.

37. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant for:

    a. actual damages;

    b. statutory damages;

c. attorney's fees, litigation expenses and costs of suit; and

d. such other or further relief as the Court deems proper.

          **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com